Mathews, J.
delivered the opinion of the *359 court. This action is founded on a judgment or decree, heretofore rendered in the court below, by which a mortgage and confession of judgment, existing against J. H. Gordon, the former husband of the defendant, was declared executory against her as tutrix of her minor children ; in which decree it is ordered, that all the estate of the deceased should be sold by the tutrix according to law, reserving to the plaintiffs the benefit of their privilege and mortgage on the proceeds of the sale of said mortgaged property, or so much thereof as may be sufficient to satisfy the same. The plaintiff alleges, that the former decree has not been complied with by the defendant, and prays immediate seizure and sale of the mortgaged premises. The answer of the defendant contains a general denial, and a special plea in bar of the first judgment, as above cited, and a compliance with all its commands so far as she was able legally to comply therewith.
West’n District.
Sept. 1822.
The judgment and decree in the present case differs but little from that formerly rendered by the same court. The mortgaged premises are now directed to be sold by the *360 judge of probates, for ready money, or so much thereof as will satisfy the plaintiff’s claim, as founded on the former order, &c.
From this judgment the defendant appealed ; and the plaintiff, in answering on the appeal, alleges error in those against them in not decreeing an immmediate seizure and sale of the mortgaged premises.
The first judgment is not appealed from; stands unreversed by competent authority ; and is consequently res judica between the parties to the present suit, being the same who figured in the former action, and being a decision on the same subject matter. If it has injured the parties by illegally adjudicating on their rights, the remedy was by appeal, in which the merits might have been fairly tested. But it is the opinion of this court, that the district court has mistaken its powers in attempting, in the last decree, to change and modify its former judgment, after the expiration of the term in which it was rendered, unless on a new trial granted.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and that *361 judgment be rendered for the defendant and appellant, with costs in both courts.
Wilson for the plaintiff, Thomas for the defendant.