*Eastern Dis.*
*March, 1833.*

VERSAILLES,
F. W. C.
vs.
HALL.

In the *Code of Practice, articles* 212 and 214, the words "leave a state" and "remove from a state," are synonymous, and an affidavit made in accordance with either, is sufficient.

---

VERSAILLES, f. w. c. vs. HALL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The contract of apprenticeship is not susceptible of alienation, but is personal, and ceases at the death or insolvency of the master.

The facts are stated in the opinion of the court delivered by PORTER, J.

36

EASTERN DIS.
March, 1833.

VERSAILLES,
F. W. C.
vs.
HALL.

This case presents distinct questions in relation to the two minors.

Pierre Avariste, who was originally bound to Hall & Adams, agreed with the consent of his mother, and the approbation of the mayor, that the indenture should be transferred to the defendant. As the original indenture thus transferred, was made previous to the promulgation of the *Louisana Code*, the case falls within the law as settled in 10 *Martin*, 358, and the right to annul the indenture must be denied. The question whether the master, under the provisons of the *Louisiana Code* can correct the indented servant with a whip, need not be decided in this case.

John Baptiste's indentures, however, have not been transferred with the approbation of the mayor, and *the defendant's* right to his services depends on the validity of the transfer made to him by his partner, Adams. The contract of indenture appears to us to be personal, and not susceptible of alienation. The character, temper, &c. of the master, enter much into the considerations on which such an agreement is made, and he has not a right to substitute another in his place, without the consent of the minor, or his legal representatives. Chancellor Kent says, it is yet not definitely settled, whether an indented apprentice can be assigned from one master to another; though he cites cases which go far to show that it is considered he cannot. Lord Mansfield said, in the case of the *King* vs. *Stockland*, that though an appentice is not assignable, yet if he continue to serve the new master he might gain a settlement under the poor laws. In the case of *Baxter* vs. *Benfield*, it was decided, that a contract of apprenticeship ceased with the life of the master, and did not pass to his executor. We apprehend it would be the same thing in case of insolvency. The interest in the services of the individual indented would not pass to the syndics. Nothing positive can be found in our laws on the subject. It would seem difficult to assimilate free children to property which passes by a transfer in writing, or by delivery; or that they have no higher protection against

EASTERN DIS.
*March*, 1833.

a transfer to a bad master, than a slave. 2 *Kent's Commentaries, ed.* 1832, 265. *Douglass,* 70. 2 *Strange,* 1266.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, so far as it relates to the apprentice, John Baptiste, be affirmed, and that the judgment of said court in relation to Pierre Evariste, be reversed, and that as to him, there be judgment in favor of the defendant, the costs to be paid in equal proportions by the plaintiff and defendant.

*Levy* and *Buchanan,* for appellant.

*Chapotin,* for appellee.